**Ketut SUBARJA, Petitioner,**

v.

**Alberto G. GONZALES, Attorney General, Respondent.**

**No. 05–5080–AG.**

United States Court of Appeals, Second Circuit.

May 26, 2006.

---

* The Honorable Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Oleh R. Tustaniwsky, Law Offices of Andrew P. Johnson, New York, NY, for Petitioner.

Anne M. Hayes, Assistant United States Attorney (Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, on the brief; Steve R. Matheny, Assistant United States Attorney, of counsel), Raleigh, NC, for Respondent.

PRESENT: DENNIS JACOBS and B.D. PARKER, Circuit Judges, and DAVID G. TRAGER,\* District Judge.

### SUMMARY ORDER

Ketut Subarja ("Subarja") petitions for review of an August 24, 2005 order of the BIA that affirmed an April 27, 2004 oral decision of an immigration judge ("IJ") that denied his applications for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture ("CAT"). Subarja concedes his asylum claim is untimely and, consequently, only his withholding of removal and CAT claims are at issue. At base, Subarja contends that he fears persecution on account of his Hindu religion in Indonesia, which is predominately a Muslim country. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Where, as here, the BIA "adopts the decision of the IJ and merely supplements the IJ's decision," this Court reviews the IJ's decision as supplemented by the BIA.

See *Chen v. Gonzales*, 417 F.3d 268, 270 (2d Cir.2005). This Court reviews factual findings for substantial evidence, overturning them only if a reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); *Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) *(per curiam)*.

Substantial evidence supports the BIA's finding that it is not "more likely than not" that Subarja would be persecuted on the basis of a statutory group (under 8 C.F.R. § 208.16(2)) if he were returned to Indonesia: Subarja lived in Bali from 1996 to 1999, and on-and-off from 1999 to 2001, without incident; he has received no threats since 1996, when he lived in Lam Pung, and has not been attacked since 1995; and the State Department's country condition reports indicate that, aside from an isolated attack on Hindus in Sulawesi in 2002, there have been no reports of subsequent attacks in either Lam Pung or Bali. Accordingly, even if Subarja demonstrated past persecution (which he has not), he has failed to rebut the presumption of future persecution because he can relocate "to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B).

Substantial evidence also supports the BIA's conclusion that (if removed) it is not "more likely than not" that Subarja would suffer torture. *Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003). Subarja adduced no evidence that the Indonesian government consented to, or acquiesced in, his alleged torture, and claims no such fear. And any allegation of past persecution is solely attributable to *private* individuals. *See Lin v. DOJ*, 428 F.3d 391,

---

\* The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

407 (2d Cir.2005) (defining torture as "the intentional infliction of pain or suffering ... perpetrated or sanctioned by a nation's authorities" (citation and quotation omitted)).

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, we hereby **DENY** the petition for review, **AFFIRM** the decision of the BIA, and **ORDER** petitioner removed to Indonesia.